**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marcel Alleyne and Earl Legrande,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>Time Moving & Storage Inc., and<br>The Time Record Storage Company, LLC,<br><br>Defendants. | **Civ. Action #: 08-CV-1356**<br><br><br>**Supporting Declaration** |

## DECLARATION OF ABDUL HASSAN IN SUPPORT OF PLAINTIFF'S MOTION, ON CONSENT OF DEFENDANT, FOR CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

I, Abdul Karim Hassan, declare and affirm under the penalty of perjury:

1.  I am the attorney for Plaintiff Marcel Alleyne ("Plaintiff") in the above-entitled action, am a member of the Bar of the State of New York and duly admitted to practice before this Court.

2.  Since this action was filed on April 3, 2008, Plaintiff Earl Legrande died and this motion is being made by the remaining plaintiff, Marcel Alleyne.

3.  I make this declaration in support of Plaintiff's motion, on consent of Defendant, for class certification and preliminary approval of the class settlement reached by the parties, on the basis of my familiarity with the facts and circumstances of the case, the records and pleadings, my investigation into the matter and upon information and belief.

1

4. Plaintiff's motion is based on the notice of motion, this declaration in support of Plaintiff's counsel Abdul Hassan and the papers attached hereto, the first Amended Complaint, the proposed Settlement Agreement, the proposed Class Notice, the proposed Order for Preliminary Approval and the entire record, files and pleadings in this case and upon all prior papers, actions and proceedings heretofore had herein.

## **EXHIBITS**

5. The amended class action complaint in this action is incorporated herein as **Exhibit 1**.

6. The proposed order for preliminary approval with attached settlement agreement and proposed class notice are included.

## **Background**

7. This action was commenced by the filing of the complaint on April 3, 2008. An amended complaint was filed on April 7, 2008. **(See Exhibit1)**.

8. The summons and amended complaint were served on both Defendants by personal service on April 7, 2008.

9. The action is brought on behalf of Plaintiff and all other similarly situated persons.

10. In the instant case Plaintiff Alleyne asserts on behalf of himself and a class of similarly situated persons that Defendants failed to pay them overtime wages at 1.5 times their regular rate for all hours over forty in a week as Plaintiff believes was required by the federal Fair Labor Standards Act, 29 U.S.C § 201 et Seq., ("FLSA") and New York Labor Law (12 NYCRR § 142-2.2).

11. Defendants assert that Plaintiff and the members of the class were exempt from overtime eligibility under the Motor Carrier Exemption of the FLSA and NYLL and are therefore not owed any overtime premium wages by Defendant.

12. An Initial Conference was held on April 29, 2008 and the parties agreed to continue exchanging information in pursuit of a class settlement.

13. After exchanging information and engaging in discussions, the parties reached a class settlement. (See Settlement Agreement).

14. Pursuant to the Settlement Agreement, Plaintiff now moves the Court on consent of Defendant for certification of the class and preliminary approval of the settlement agreement and proposed class notice.

**THE CLASS TO BE CERTIFIED**

15. Plaintiff seeks certification of the following class of persons:

All individuals employed by Defendants between January 1, 2002 and the Effective Date (as defined in the Settlement Agreement) (the "Relevant Period") as an hourly employee in the following functions: (1) Drivers, (2) Movers, (3) Installers, (4) Warehousemen, and (5) Warehouse Supervisors, and who are listed on Exhibit A to the Settlement Agreement

## FLSA CLAIMS INCLUDED IN CLASS ACTION

16. In the instant case, Plaintiff and the class are asserting their claim for overtime pay under the NYLL as well as the FLSA – both the NYLL and the FLSA require overtime pay at 1.5 times the regular rate for hours over forty. Generally, the FLSA has a mechanism for representative actions known as a collective action that uses an opt-in procedure and does not depend on FRCP Rule 23 which governs the NYLL class action. However, because New York incorporates the FLSA as its overtime law (See 12 NYCRR § 142-2.2) including the Motor Carrier Exemption upon which Defendants base their defense in this case, the FLSA and NYLL claims are in effect overlapping and rather than unnecessarily expending resources to send maintain a separate opt-in collective action under the FLSA and NYLL, the parties have agreed to maintain a single opt-out class action under FRCP Rule 23 as to the NYLL claims and include in the class release the overlapping FLSA claims.

## CLASS CERTIFICATION FACTORS

17. Class certification is proper if the FRCP Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation are met and if one of the factors present in Rule 23(b) is also met. Barone v. Safway Steel Products, Inc., 2005 WL 5878003

(E.D.N.Y. 2005, Judge Frederick Block). All four Rule 23(a) factors are present in this case and at a minimum, pursuant to Rule 23(b)(3), there are questions of law or fact common to the members of the class which predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Evaluation of the class factors in this case is made much easier because there is a class settlement which the Court can review.

## Numerosity

19. As to the numerosity requirement, Defendant has represented, as reflected in the Settlement Agreement, that the class consists of approximately 416 persons. In <u>Barone</u>, the court granted certification with a class size of approximately 50 members. Like <u>Barone</u>, the instant case deals with wage claims and class members here find themselves in similar circumstances like in <u>Barone</u>. For example, joinder of all class members is also impracticable because of the size of the claims are relatively small, in the few hundred dollars range, thus making the assertion of individual claims impractical when compared to the costs of individual litigation. In addition, as low-wage workers who are not fully aware of all their legal rights, the class members generally lack education, resources, and legal sophistication. A class approach will also serve judicial economy by allowing the court to dispose of the claims in one suit rather than having to deal with potentially 416 cases or claims.

## Commonality

20. The commonality requirement is met if plaintiffs' grievances share a common question of law or fact. Barone at 2005 WL 2009882, *4. Plaintiffs' claims share numerous questions of law or fact, including whether Defendants paid Plaintiffs at a rate of 1.5 times their regular rate for hours worked over forty in a week.

### Typicality

21. The typicality requirement is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. Barone at 2005 WL 2009882, *4. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims. Barone at 2005 WL 2009882, *4. The typicality requirement is met in this case. The named plaintiff and the proposed class members were all employed by Defendants and were not paid premium overtime because Defendants claim they were covered by the Motor Carrier Exemption. The putative class members' claimed injuries therefore stem from a common course of events that is not unique to the named plaintiff.

### Adequacy of Representation

22. Plaintiff has demonstrated that he has and will adequately represent the class.

23. There is no known conflict of interest between Plaintiff and the putative class members.

24. In approximately the last seven years Plaintiff's counsel's practice has been focused primarily in the area of wage and hour litigation. In this period, I have handled over 150 cases in and out of court from case evaluations to matters that ended in judgments and these have included class action cases as well.

25. In addition to developing expertise in wage and hour litigation, I also have experience and skill in litigating complex wage and hour cases such as collective/class actions.

26. In fact, Plaintiff's counsel is currently working on finalizing settlement in several class action cases at this time.

27. Because the parties have reached a class settlement, we can look at the settlement to further evaluate the adequacy of representation. The settlement provides for the payment of to class members ranging from ten percent (drivers) to fifty percent (warehouse supervisors) of unpaid overtime as more fully laid out in the settlement agreement. After carefully considering the law and facts in this case and the information obtained in other similar litigation with Defendant, it is my opinion that the settlement payments are fair and reasonable in the circumstances.

### **Predominance of Common Questions**

28. With respect to Rule 23(b)(3)'s first requirement, issues common to the entire class predominate over those elements that require an individualized inquiry. Plaintiffs have alleged injury resulting from a common course of conduct, which is Defendants' failure to pay the amount of overtime wages at 1.5 times the regular rate because Defendant claims the Class Members were exempt under the Motor Carrier Exemption. While there may be individual differences with respect to the number of unpaid overtime hours worked by individual plaintiffs and therefore in the amount of damages owing toe ach plaintiff as well as the classifications applicable to Class Members, these individual inquiries do not prevent

common issues from predominating. See <u>Barone</u>, at 2005 WL 2009882, *4. Because the elements plaintiffs must prove are overwhelmingly common to the entire class and plaintiffs can therefore prove liability on a class-wide basis, common issues predominate.

## Superiority of Class Action

29. With respect to Rule 23(b)(3)'s second requirement, for many of the same reasons stated above as to why joinder of all class members is impracticable, a class action would be superior to other available methods for the fair and efficient adjudication of the controversy. As noted above, the extent of the class members' education, resources, and legal sophistication, coupled with the relatively small size of each plaintiff's claim, may make individual suits difficult to pursue and may render a class action the only avenue by which the individual plaintiffs are able to seek legal redress. A class action will also serve judicial economy by avoiding the time and expense associated with a separate adjudication of each plaintiff's claims. Further, because the class is small and well defined and the liability and damages issues have been settled, the Court should have little difficulty in managing the case as a class action.

## Notice to the Class

30. Defendant has identified all approximately 416 members of the class and will provide the names and address of the class members who will then mail the enclosed notice.

31. The enclosed notice provides class members with all material and necessary information about the class action and the settlement and their right to opt-out, object, etc.

## Reasonableness of Settlement

32. The proposed class settlement in this action is fair and reasonable for the class members. The settlement provides for the payment of to class members ranging from ten percent (drivers) to fifty percent (warehouse supervisors) of unpaid overtime as more fully laid out in the

settlement agreement. After carefully considering the law and facts in this case and the information obtained in other similar litigation with Defendant, it is my opinion that the settlement payments are fair and reasonable in the circumstances.

33. Defendant has agreed to pay, and Plaintiff's counsel Hassan has agreed to accept fees and costs in the amount of approximately $60, 000 or one-third of the settlement fund – this works out to about half hour per each of the 416 class members at a rate of $450/hr. Frankly, the time expended is expected to easily exceed this figure but Plaintiff's counsel will accept the $60, 000 as part of the settlement of the action.

34. Based on the foregoing, Plaintiff kindly request that this Honorable Court preliminarily certify the class defined herein and approve the notice to be sent to class members as to the FLSA and NYLL claims.

Dated: Queens Village, New York

      June 23, 2009

Respectfully submitted,

 /s/ Abdul Hassan            
Abdul K. Hassan, Esq.
215-28 Hillside Avenue
Queens Village, New York 11427
Tel: 718-740-1000

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marcel Alleyne and Earl Legrande,<br>Individually and on behalf of all others similarly situated, | **Civ. Action #: 08-CV-1356** |
| Plaintiffs,<br><br>-v- | **First Amended Complaint**<br>**(Class Action)** |
| Time Moving & Storage Inc., and<br>The Time Record Storage Company, LLC, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiffs Marcel Alleyne and Earl Legrande, ("Plaintiffs"), by Abdul Hassan, Esq., their attorney, complaining of the Defendants, respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves, and other similarly situated current and former hourly employees who worked for the Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiffs complain on behalf of themselves, and a class of other similarly situated current and former hourly employees who worked for Defendants, pursuant to the Fed. R. Civ. Proc. 23, that they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

6.  Upon information and belief, Defendant **TIME MOVING & STORAGE INC.**, ("Time Moving & Storage" or "TMS")) is a domestic for-profit corporation organized and existing under the laws of the State of New York with its principal place of business at 158 Pioneer Street, Brooklyn, New York, 11231.

7.  Upon information and belief **John Kevin Gilgan** is the Chief Executive Officer ("CEO") of Defendant Time Moving & Storage.

8.  Upon information and belief, Defendant **THE TIME RECORD STORAGE COMPANY, LLC**, ("Time Record Storage" or "TRS") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business at 158 Pioneer Street, Brooklyn, New York, 11231.

9.  Hereinafter, Defendant Time Moving & Storage and Defendant Time Record Storage are and will be collectively referred to as Defendants.

10. Upon information and belief **John Kevin Gilgan** is the Chief Executive Officer ("CEO") of Defendant Time Record Storage.

11. Plaintiff **Marcel Alleyne** ("Alleyne") is an adult, over eighteen years old, who currently

resides in Queens County in the State of New York.

12. Plaintiff **Earl Legrande** ("Legrande") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

13. All times applicable or relevant herein as to the FLSA overtime claim refers to at least the two year and the three year period preceding the filing of this complaint. Plaintiffs also believe this action relates back to the filing of the action in Rahamut Shah et al v. Time Moving et al – bearing index number CV-07-2226 (EDNY).

14. All times applicable or relevant herein as to the NYLL overtime claim refers to at least the six-year period preceding the filing of this complaint. Plaintiffs also believe this action relates back to the filing of the action in Rahamut Shah et al v. Time Moving et al – bearing index number CV-07-2226 (EDNY).

15. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

16. "Plaintiffs" as used in this complaint refers to the named Plaintiffs, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiffs" refers to the named Plaintiffs as well as those similarly situated as putative class members as further defined below.

17. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

18. Upon information and belief, and at all relevant times herein, both Defendants were operated and controlled from the same location at 158 Pioneer Street, Brooklyn, NY.

19. Upon information and belief, and at all times relevant herein, Mr. John Kevin Gilgan served as Chairman or Chief Executive Officer of both Defendants.

3

20. Upon information and belief, and at all times relevant herein, Plaintiffs were employed by Defendants, jointly and individually.

21. Upon information and belief, and at all times relevant herein, Defendants jointly and individually managed, controlled and compensated Plaintiffs for their work.

## STATEMENT OF FACTS

22. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing storage and moving services to the public.

23. Upon information and belief, and at all times relevant herein, Defendants operated several storage warehouses in New York and New Jersey from their offices in Brooklyn New York.

### Plaintiff Marcel Alleyne

24. Plaintiff Alleyne was employed by Defendants for about two years ending in 2007.

25. Throughout his employment with Defendants and at all times relevant herein, Plaintiff Alleyne was paid on an hourly basis by Defendants.

26. Plaintiff Alleyne's last hourly rate while an employee of Defendants was approximately $12/hr.

27. Throughout his employment with Defendants and at all times relevant herein, Plaintiff Alleyne worked more than forty (40) hours in a week for Defendants in some or all weeks, but was not paid at a rate of at least 1.5 times his regular rate for each hour worked in excess of forty hours in a week.

### Plaintiff Earl Legrande

28. Plaintiff Legrande was employed by Defendants for about eighteen years ending in 2006.

29. Throughout his employment with Defendants Plaintiff Legrande was paid on an hourly basis

4

by Defendants.

30. Plaintiff Legrande's last hourly rate while an employee of Defendants was approximately
$22.50/hr.

31. Throughout his employment with Defendants and at all times relevant herein, Plaintiff
Legrande worked more than forty hours in a week for Defendants in some or all weeks, but
was not paid at a rate of 1.5 times his regular rate for each hour worked in excess of forty
hours in a week.

32. At all times relevant herein, Plaintiffs were employed by Defendants as hourly employees.

33. At all relevant times herein and for the time Plaintiffs were employed by Defendants,
Plaintiffs worked more than forty (40) hours in a week for some or all weeks.

34. At all times relevant herein and for the time Plaintiffs were employed by Defendants,
Defendants failed and willfully (FLSA claim) failed to pay Plaintiffs an overtime rate of one
and one half times their regular rate of pay for all hours worked in excess of forty hours in a
week for each week in which such overtime was worked.

35. Upon information and belief, and at all relevant times herein, Defendants failed to display
federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify
Plaintiffs of their federal and state minimum wage and overtime rights and failed to inform
Plaintiffs that they could seeks enforcement of such rights through the government
enforcement agencies.

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

37. Plaintiffs allege on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. The named Plaintiffs have consented to be part of this action by the filing of this action on their behalf and with their consent.

**39.** The FLSA cause of action is brought as a collective action on behalf of the named Plaintiffs and all others who are/were similarly situated and who file consents to opt-in to the action.

**40. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants who were: 1) paid on an hourly basis; 2) worked more than forty hours in a week, within the three year period, preceding the filing of this complaint (or any earlier time under the relation back doctrine); and 3) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week.**

**41.** Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are several hundred members of the class during the class period

**42.** The class definition will be refined as is necessary, including after discovery if necessary.

**43.** At all times relevant to this action, Plaintiffs and all those similarly-situated, were employed and/or jointly employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

44. Upon information and belief, and at all times relevant to this action, Plaintiffs and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and jointly, constituted an enterprise(s) engaged

in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

45. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. **At all times relevant herein, Defendants failed to pay Plaintiffs, and willfully failed (FLSA claim) to pay Plaintiffs, and all those similarly similarly-situated, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.**

## Relief Demanded

47. Due to Defendant's FLSA violations, Plaintiffs, and all those similarly similarly-situated, are entitled to recover from Defendants, their unpaid overtime compensation, <u>an additional equal amount of unpaid overtime (maximum) as liquidated damages</u>, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

48. Plaintiffs allege on behalf of themselves and all others similarly situated as class members, and incorporate by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

49. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

50. **The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendants who were: 1) paid on an hourly basis; 2) employed by Defendants within the State of New York; 3) worked**

**more than forty hours in a week, within the six year period , preceding the filing of this complaint (or any earlier time under the relation back doctrine); and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week.**

51. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are several hundred members of the class during the class period

52. The class definition will be refined as is necessary, including after discovery if necessary.

53. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

54. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

55. Upon information and belief, the claims of the representative parties are typical of the claims of the class.

56. The representative parties will fairly and adequately protect the interests of the class.

57. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

58. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a)    Whether, Defendants failed and/or refused to pay the Plaintiffs and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

60. At all times relevant to this action, Plaintiffs and all those similarly situated as class members, were employed and/or jointly employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

**61. At all times relevant herein, Defendant failed to pay Plaintiff and all those similarly situated as class members, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

<u>**Relief Demanded**</u>

62. Due to Defendant's NYLL overtime violations, Plaintiffs and all those similarly situated as putative class members, are entitled to recover from Defendants, their unpaid overtime compensation, prejudgment interest, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

63. Declare Defendants (including its overtime policy) to be in violation of the rights of Plaintiffs

and those similarly situated, under the FLSA and New York Minimum Wage Act and the Regulations thereunder;

64. Award Plaintiffs and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA;

65. Award Plaintiffs and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2;

66. Award Plaintiffs and those similarly situated as class members, prejudgement interest on all monies due to them under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2;

67. Award Plaintiffs, and all others similarly situated where applicable,  any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

68. Award Plaintiffs and all those similarly situated, who opt in to this action, an additional equal amount of unpaid overtime as liquidated damages (maximum) pursuant to 29 U.S.C. § 216;

69. Award Plaintiffs and all those similarly situated, the costs of this action together with reasonable attorney's fees pursuant to applicable laws including the Fair Labor Standards Act 29 USC § 216, and Section 663 of the New York State Labor Law;

70. Award Plaintiffs and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Jamaica, New York

    April 3, 2008

Respectfully submitted,

*Abdul Hassan*

Abdul Hassan, Esq. (AH6510)
175-61 Hillside Avenue, Suite 306
Jamaica, NY 11432
Tel: (718) 725-2820
ATTORNEY FOR THE PLAINTIFFS

11