**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marcel Alleyne and Earl Legrande, Individually and on behalf of all others similarly situated, | **Civ. Action #: 08-CV-1356 (ENV)(SMG)** |
| Plaintiffs, | |
| -v- | **STATEMENT OF COMPLIANCE WITH CLASS ACTION PROCEDURE** |
| Time Moving & Storage Inc., and The Time Record Storage Company, LLC, | |
| Defendants. | |

I, Abdul Karim Hassan, declare and affirm under the penalty of perjury:

1. I am the attorney for Plaintiffs and am Class Counsel in the above-entitled action. I am a member of the Bar of the State of New York and duly admitted to practice before this Court.

2. I make this Statement of Compliance, on the basis of my familiarity with the facts and circumstances of the case, the records and pleadings, my investigation into the matter and upon information and belief.

3. This is a statement of compliance with the Court's order of preliminary approval dated July 2, 2009.

#### **Background**

4. A more detailed background is provided in the declaration of Class Counsel Abdul Hassan, in support of the motion for preliminary approval which was filed on June 24, 2009. ECF # 8.

5. The motion for preliminary approval of class settlement, certification and class notice was filed on June 24, 2009 and it was granted by Order dated July 2, 2009.

6. Additional factual background is contained in the supporting declaration of Class Counsel Abdul Hassan in support of the motion for final approval.

## Class Notices Mailed

7. As per the Order of preliminary approval, Defendants provided me with class member data including names and address on July 21, 2009. The class notices were mailed to the members of the class listed in **Exhibit 1** on July 24, 2009 via first class USPS regular mail.

8. Defendant could not locate addresses for all 417 or so class members. **Exhibit 1** contains the list of about 355 class members for whom addresses were provided. The list in Exhibit 1 contains about 360 entries, of which about five are duplicates and three entries are for Shah, Eastman, and Lewis, who have a separate case pending against Defendants before this Court and are not part of the class. As such, notices were mailed to approximately 352 class members.

9. A sample notice is included herein as **Exhibit 2**. As the notice in Exhibit 2 will reveal, the notices were customized to contain the amount of money the class member receiving the notice is entitled to under the settlement.

## 122 Undeliverable Notices

10. Since the mailing of the notices to the date of this Statement of Compliance, I have received 121 returned notices because of the Post Office had difficulties delivering due to bad addresses – class members moving etc. The list of persons whose notices were returned to me can be found in **Exhibit 3** herein.

## Other Class Members

11. Edwin Perez, Johnny Spruill, and Darren Gold, through their counsel Samuel & Stein, though claiming not to have received notices, have joined the class as members and Plaintiff does not object to them becoming class members. My records show that Perez, Spruill, and Gold all were sent notices and only Gold's notice was returned. As such, Spruill and Perez are included in the above count of class members and we have a net addition of one class member – Darren Gold. Counsel for Perez, Spruill and Gold has made filings with this Court on his clients' behalf.

## Supplemental Mailing

12. On September 17, 2009 I received a supplemental list from Defendants containing different addresses for some people whose notices were returned as undeliverable. **See Exhibit 4**.

13. On September 18, 2009 I did a supplemental mailing of notices to the persons listed in Exhibit 4. Rather than exclude the persons in Exhibit 4 from the class, after discussion with Defense Counsel we decided to mail the notices again even though the recipients would not have 30-days to object or opt-out – we included a supplemental notice explaining this – a sample of the supplemental notice is included in **Exhibit 5**. The Court can include the supplemental list in

3

the class and if any opt-outs are received after the Fairness Hearing and within 30-days of the

mailing, I will bring it to the Court's attention through an ECF filing. If the members on the

supplemental list object prior to the September 23, 2009 fairness hearing they can be heard, but

in the event they object after the fairness hearing is held (highly unlikely given few objections so

far), the remedy should be to exclude the objectors so that they can pursue their own claims since

the fairness hearing would have been held already.

## Deceased Class Members

14.    After the instant case was filed, named Plaintiff Earl Legrande died. After his death, his wife

Sharon Legrande contacted me and requested that her deceased husband's share of the settlement

be paid to her.

15.    Similarly, Joan Magliano, the wife of Mr. Neil Magliano, contacted me after receiving the

notice. She indicated that Neil Magliano died a few years ago and that she would like to receive

his share of the settlement. Her written request is included as **Exhibit 6**.

16.    I have discussed with defense counsel the desire of these two women to receive the

settlement share of their deceased husbands and defendant does not object.

## Seven (7) Opt-outs from Class

17. Putative class members had until thirty-day from the July 24, 2009 mailing of notices to opt-

out of the class. As of this deadline, two individuals (Javier Yangua and Nelson Escobar)

represented by objecting counsel Samuel & Stein opted-out of the class and one other person

4

(Marco Ortiz) represented by Robert Kraselnik also opted out as well. In addition, the three Plaintiffs in Shah V. Time Moving, also opted out of this class since they currently maintain a separate action pending before your Honor. Apart from the aforementioned six individuals who are all maintaining separate actions, only one other person (Douglas E. Raines) has opted out of the class. The requests for opt-out/exclusion from the class have been filed with the Court. The opt-outs are included herein as Exhibit 7 and are being filed with the Court.

## Three (3) Objections from Class

18. Putative class members had until 30-days from the July 24, 2009 mailing of class notices to file objections to the class settlement and as of this deadline no class member other than Edwin Perez, Johnny Spruill, and Darren Gold (collectively referred to as "Objectors") has filed objections to the class certification or settlement. The objectors filed their objections through their counsel with the Court via ECF.

## The Net Number Class Members

19. The net number of class members consists of the 352 persons to whom notices were mailed, minus the 122 returned notices, plus Mr. Gold who was included in the 122 returned notices, minus four opt-outs (the three opt-outs of Shah, Lewis and Eastman were already excluded from the 352 number), plus the 23 members on the supplemental list to whom we made another mailing – minus any of these 23 members who opt-out or object. We therefore have a net number of class members of about 250 who will be bound by the settlement and judgment in this case. A full list can accompany a proposed final order.

20. Based on the foregoing and Plaintiffs' motion for final approval, I kindly request that your

Honor grant the relief requested in the notice of motion and grant final approval to the class

certification and settlement agreement.


I declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and

correct to the best of my knowledge and understanding.


Executed on September 18, 2009

   /s/ Abdul Hassan

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Jamaica, New York 11427
Tel: 718-740-1000

# Exhibit 1

Names

Abdoul Diallo ✓
ADONIS, SHERLOCK ✓
Aguirre, Joshua ✓
Albanese, Michael G. ✓
Alfaro, Eduardo D. ✓
Allen Fitzroy ✓
ALLEN, DANIEL ✓
99) Allen, Fitzroy ✓
ALMEDA, MICHAEL ✓
Alvarez, Abner ✓
Alvarez, Leroy ✓
Alverez, Luis ✓
ANDERSON III, JELESTER ✓
ANDERSON, ARTHUR ✓
APONTE, RANON ✗
Armstrong, Earl ✓
ARUZ, DANIEL ✓
ASH, ANDRE ✓
Atwood, Bruce ✓
AUGUSTE, WERNST PATRICK ✓
Ayala, Jorge ✓
Baffoe, Daniel ✓
BAILEY, JERMAINE ✓
Baksh, Azeem ✓
BALLENGER, JEMARK D. ✓
Banegas, Walter ✓
Banks, Tony ✓
Barnes, Frank R. ✓
BARNETT, WINSTON ✓
BARNUM, CHRIS R ✓
BATTLE, JERRY ✓
Bermudez, Luis ✓
Berrios, David ✓
Beseleus, Andre E. ✓
BESS, RAMEL ✓
Best, Albert ✓

Best, Stanley
BLACKMAN, JAMI
Blanco, Ariel
BLAND, TOBY
BONES, JARED LANCE
Bridges, Michael Lee
BROOKS, CALVIN
Brown, Arthur
Brown, Calvin
Buckley, Charles
Bull, Dexter
Bundock, Norman R.
BURT, ALLEN
BURTON, ARTHUR
Cadogan, Trevor R.
Campbell, Donald E.
Campbell, Peter
Capehart, Robert E.
Carlos Avila
Carlos Castro
CARPENTER, MARK
Carrion, Antonio
CARTER, MELVIN
Carvalho, Ruperto
Charles D. Pinder
Chesney, David
Cicero Jr., Jerome
Clark A. Fitzroy
Colon, Pedro
Condello, Steven
COTTO, TYRELL
Courtney Woolford
CREWS, CEDRIC
Cruz, Ismael
Cruz, Luis A.
CUARTAS, CARLOS
Cudjoe, Wilbert

Cueva, Hugo
CUEVAS, RALPHIE A
CUEVAS, STEVEN
CUFFEE, EDWIN
CUFFY, HANES BERT
Cumberbatch, David R.
Cumberbatch, Samuel L
Cummings, Wayne
Cunningham, Larry D.
Daniel, Federico
Daniels, Joel J.
Darren ID Deen
Davila, David
DAVIS, DASHAWN
DE COSTA, JAIME
DE JESUS, JOSE
De La Rosa, Cesar
DE LA ROSA, ENGELS
DEER, LORENZO
Denslow, Edmund
DD DIALLO, ABDOUL Aliphende
Dionisio A. Ryce
DIXSON, DEVONE
DOCTOR JR, LEON
Donalds, Jorge
DORNS, QAARIY
Drayton, William
Duke Hilliman
DUNBAR, ALEXANDER
DURRETTE, KIRT
DYETT, DEXTER
Earl W. Corney Jr.
Eastman, Claude
Edward, John
Edwards, Raphael D
EPPS, RAYMOND
Escobar, Manuel

Escobar, Nelson
ESPINAL, RONNIE
Everett, Anthony
EVERING, DAMIAN
FAULK, ALBERT
FELDER, LARRY
Fernandez, Francisco
FERNANDEZ, HECTOR
FERNANDEZ, LUIS
FERRUGGIA, TONY
FIGUEROA, ALFRED
FINCH III, WILLIAM
Flores, Enrique
FOGGIE, RICHARD
Forbes, Orville L
Fradera, Reynaldo
Francis, Alan
Franklin, Junior J
Frau, Jose
Friday, Marvin
GARCIA, NICOLAS
Garcia, Tommy
Garnett, Brentnol E
00 Garrett, Brentnol E
GAYLOR, MICHAEL
George, Michel
George, Sheldon D
GERMAN, YUI
GIBBONS, JERMAINE
Gilgan, Brendan
Gilgan, Michael
Gold, Darren
GONZALES, JAMIE
Gonzalez, Angel
GONZALEZ, JUAN
Gonzalez, Radames C
GONZALEZ, WILLY

Graham, Brian
DD) Graham, Bryan
Griffin, Nathaniel
GRIFFIN, WAVERLY
GUNN, EDWARD
Guscott, Shane
GUTIERREZ, FERNANDO
Hallinan, Daniel
Hamilton, Anthony
Harding, Ronny D.
HARRINGTON, LENNIE
Harris, Robert
Hasranah, Linley
Haynes, Edison
Hayward Prudhomme
HEATH, SHONDU
Henock Hilaire
Heredia, Jose
Herrera, Nelson
HODGE, DARRYL
Holley, Anthony
Hoyte, Omar
Hubner, Mark
Hyde, William
JACKSON, BENNIE
Jackson, David
Jackson, Demetrius
JAMIR, Eddie
John Curtis
JOHNAKIN, KAREEM
Johnson, Antione
JOHNSON, ERIC WILLIAM
JONES, ASIM
Jones, Darrien
Jordan, Dorian
Joseph, David
Jufre, Juan C.

KENYATTA, KEITA
KEY, MARK
KING, TYRONE
KIRTON JR, BARRY
Kunin, Alexander
LANE, QUENTTON
Lattibeaudiere, Adol
Lawrence, Bobby L.
LAWTON, KEVIN
Lax, Matthew D
Lee, Ralph R
Legrande, Earl William
Lewis, Dwane
Lewis, Everette
LEWIS, FELIX
Lewis, Sean
LIGGINS, MICHAEL
Lively, Pierre
LIVERPOOL, KASSIN
London, Dexter
Lopez, Celestino
Lovel A. Cowan
LUMSDEN, DAVID
LYNCH, TARYCK
MAGLIANO, NEIL C
MAKINSON, Joseph
MALVASIO, STEVEN
Mangual, Hector
MANGUM, DARRYL
Marrero, Edie D.
MARRERO, WALTER
MARTIN, DEAN
MARTIN, JAMES
MARZANA, VICTOR
Maurice Pearson
McCallum, Jeffrey
MCCOLLEY, WAYNE

MCCRAY, ROBERT
McDowell, Wayne
McKinzie, William
McLeod, Clifford
MCMILLON, DANIEL
McPherson, Aston A.
McPherson, Raffel
Mena, Rafael
Mensah, Michael
Miller, Derrick J
MILLER, GEORGE
MILLER, SHAWN
Miller, Stanley
MITCHELL, CARL
Molina, Juan
Monroe, Kenwyn
Montalvo, Eduardo
Moore, Russell
Morgan, Dennis A
MOUZON, CARL
Nanez, Marco
NATHAN, ALEXANDER
NAU, JEROME
Nelson, Arthur
Nikiema, Salif
NOVA, WENDY ANTONIO
Ortega, Luis E
Ortiz, Marco
Parris, Hugh
Parris, Paul
Parris, Tracy R
Pearce, Andrew
Perez, Edwin
Persad, Neville B
PERSAUD, MAHADEO
Persaud, Yadram
PETGRAVE, SEAN

PINDER, CHARLES D
Pittman, Aatif
Pizarro, Alberto
Porter, Ronald
POWELL, KEITH
PRUDHOMME, HAYWARD
QWALLIQUE, MACK
Rafael Mena
RAINES, DOUGLAS
Ralphie A. Cuevas
RAMONG, JOANN
RAMOS, RODOLFO T
Rampersad, Rupnarine
Randolph, Karod
Raphael D. Edwards
Ray S. Osbourne
REESE, KEVIN
Rhodes, Milton
Richards, Joseph
Rivera, Jose
Rivera, Miguel
ROBERTSON, DONALD C
ROBINSON, ALBERT
ROBINSON, DUJON A
ROCHET, STEVEN
RODRIGUEZ, ELVIS
RODRIGUEZ, WILSON
Roosevelt, Paul
Rosado, David
Rosario, Teofilo
ROUNTREE, SHAMEL
ROWLEY, BINDI
Rushing, Paul
RUSSELL, MILTON
RYANT, KEVIN
SALIF, Nikiema
Salley, Christopher

Sam, Patrick
Sanchez, Efrain
SANDS, JOHN
SAXON, KENNETH
Scott, Vincent
SEXTON, SHAREEF
Shah, Allister R.
~~Shah, Rahemut~~
Shaw, Anthony
Shaw, Jamel
SHEIKH, ABBAS
SHEIKH, JAVED
Shepherd, Lionel
DO ~~Sherlock, Adonis~~ did not attend
Shipman, William
Simmon, Servino
Simon, Jamal
SINE, JEAN RONALD
Skeete, Hartley  G
Smaw, William
Sookwah, Roopnarine
Souleymane, Diouf
Spearman, Willie J
Spruill, Johnny
STREET, MARVIN
SUAREZ, ALBERT
SUAREZ, RICHARD
Suazo, Rafael
Taylor, Brian O
Taylor, Devon
Taylor, Harold
THOMAS, JAMES
Thomas, Keith
Thompson III, Nilas
Thompson, John A.
TORRES, ALEJANDRO
UBILLUS, HECTOR G

VARELA, JOSE A
VARGAS, SIMON
Vargas, Victor M.
VASQUEZ, VICTOR
Vaughn, Brentis
Vega, Angel
Vega, Dennis
Vega, Rafael
VELESQUEZ, RAFAEL
Velez, Daniel
VELEZ, RAYMOND
Victor Marzana
Villar, Donifan
Walker, Derek
Wallace, Jerome
Walters, Michael A.
WALTON, SHELTON
WATKINS, MARK
WATSON, DELLON
WATSON, THEODRE
Whitehurst, Shaun
WHITLOCK, WILLIAM
WILBURN, ARTHUR
Williams, Egerton
Williams, Ian
Williams, Rawle S
Williams, Toney
WILSON, CLIFFORD
Woolford, Allen C.
WRIGHT, CARLE ALAN
WRIGHT, JERONE L
WRIGHT, TERRELL
Yangua, Javier
Yearwood, Mark A.
YOUNG, SHAKIM
YVES, Antoine
Zukowski, Stefan

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
                                              :

MARCEL   ALLEYNE   and   EARL   LEGRANDE,   :
Individually  and  on  behalf  of  all  others  similarly   :
situated,

                                              :
                        Plaintiffs,       :   08-civ-1356 (ENV)(SMG)

                                              :
            -against-                     :
                                              :

TIME MOVING & STORAGE INC., and THE TIME   :
RECORD STORAGE COMPANY, LLC,

                                              :
                     Defendants.     :
----------------------------------------------------------------------x

**NOTICE OF A SETTLEMENT OF LITIGATION (Banegas, Walter)**

**THIS NOTICE MAY AFFECT YOUR RIGHTS; PLEASE READ IT CAREFULLY.**

**I.     Introduction**

        This Notice is to inform you that Time Moving & Storage Inc. and The Time Record Storage Company s/h/a The Time Record Storage Company LLC have agreed to settle a class action lawsuit filed by Plaintiffs. You have been identified as a class member.

        Plaintiffs claim that defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay wages, including overtime wages at one and one-half times the regular rate of pay, for hours worked. Defendants acknowledge that overtime was not paid at one and one-half times the regular rate of pay. However, under what is commonly known as the Motor Carrier Act Exemption, Defendants assert that plaintiffs and the class members were exempted from the overtime requirements of the FLSA and NYLL. In general terms, the Motor Carrier Act Exemption relieves employers of the overtime obligations of the FLSA and NYLL when the employer is a "motor carrier" and the employee regularly or from time to time is called upon to perform duties that affect the safe operation of the employer's vehicles in interstate commerce. Common examples are employees who drive or employees responsible for safe loading of the employer's motor vehicles.

        This Notice sets forth: (1) the status of the lawsuit; (2) the settlement terms, including how the settlement payments will be calculated; (3) your rights under the settlement, including your settlement share; (4) your right to file objections to the settlement; and (5) your right to exclude yourself from the settlement by opting out.

**II.    Status of the lawsuit**

On April 3, 2008, Class Counsel Abdul K. Hassan filed a lawsuit on behalf of Plaintiffs, individually and on behalf of all others similarly situated, in the United States District Court for the Eastern District of New York asserting claims under, inter alia, the Fair Labor Standards Act and the New York Labor Law, for an alleged failure to pay wages, including unpaid overtime premiums. Defendants responded to the lawsuit by denying the material allegations and asserting various defenses, including inter alia, that the Class Members are exempt employees under 29 U.S.C. §213(b)(1) (the "Motor Carrier Act Exemption").

Class Counsel conducted a thorough investigation into the facts of the action against Defendants. Based on a investigation and evaluation, the Named Plaintiffs and Class Counsel are of the opinion that the settlement described in this Notice is fair, reasonable, and adequate and is in the best interests of the Settlement Class in light of all known facts and circumstances, including the risk of loss, risk of significant delay, affirmative defenses asserted by Defendants, and potential appellate issues.

Defendants deny any wrongdoing or liability. However, Defendants wish to settle this lawsuit to avoid costly, time-consuming, and disruptive litigation.

As a result, the parties negotiated and agreed upon a settlement applicable to the following class: all individuals employed by the Defendants between January 1, 2002 and the Effective Date of the settlement as an hourly employee in the following functions: (1) Drivers, (2) Movers, (3) Installers, (4) Warehousemen, and (5) Warehouse Supervisors. On July 2, 2009, the Court preliminarily approved the settlement and conditionally certified the settlement class. This Notice is sent to you because you appear in Defendant's payroll records as someone who meets the class definition. This settlement may affect your rights.

### III.    The settlement terms

Defendants have agreed to pay $180,000.00 ("Settlement Fund") to resolve all claims concerning any alleged failure to pay wages for hours worked by the class during the relevant Period (January 1, 2002 through the Effective Date of the settlement). The parties have identified approximately 417 class members. To compensate Mr. Hassan for his services rendered in connection with the lawsuit the Court has preliminarily approved an award of fees and costs capped at 33% of the settlement Fund ($60,000.00). In addition, the Court has preliminarily approved service payments of $1,000.00 to each of the two plaintiffs to compensate them for their time and effort in asserting claims on behalf of the class. The balance of the Settlement Fund after these deduction (the "Net Settlement Fund") will be distributed among those class members who do not opt out of the settlement (see section V below). Each Class Member's settlement share will be calculated with reference to his overtime hours, rate of pay and job classification. The Net Settlement Fund will be apportioned by job classification based upon the aggregate overtime premium attributable to each job classification and the relative strengths of the claims for each job classification ("Job Funds"). Each class member will be paid a Pro Rata Share of his respective Job Fund calculated by dividing the Class Member's maximum overtime premium by the aggregate maximum overtime premiums for the Class Member's entire job classification.

To receive your Settlement Share, you do not need to do anything. After the Court finally approves the settlement, a check will be sent to you with the following endorsement

language: "By accepting payment, I consent to be a party plaintiff, and I acknowledge and agree that I am bound by the Stipulation of Settlement and Release." You may simply cash the check.

Your approximate Settlement Share has been calculated to be **$302.9** (Banegas, Walter).

After the Court finally approves the settlement, a judgment will be entered dismissing the lawsuit with prejudice as to all class members. All class members who do not timely and validly exclude themselves from the settlement will be precluded from bringing any subsequent lawsuit for claims that were released under the settlement, even if the settlement check is not cashed. The Released Claims are all claims that have been or could have been brought in the Civil Action, whether known or unknown, which a Class Member ever had, now have, or may hereafter claim to have against any of against any of the Released Parties on or before the Effective Date, and which relate to, arise out of, defendants' pay practices, including claims under the Fair Labor Standards Act, New York Labor Law, and New York common law. The released Parties are the Defendants, their subsidiaries and affiliated companies, and, in the case of all such companies, their respective owners, representatives, officers, directors, employees, attorneys, agents, shareholders, members, parents, subsidiaries, affiliated companies, predecessors, successors and assigns, and insurers. Any unclaimed Settlement Shares will be returned to Defendants.

This Notice is simply a summary of the Settlement Agreement that has been preliminarily approved by the Court. If you wish to inspect the entire document, you may obtain a copy from the Office of the Clerk of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. PLEASE DO NOT CALL THE COURT OR THE JUDGE CONCERNING THIS SETTLEMENT.

## IV.    Your right to file objections

If you believe the Settlement Agreement should not be approved for any reason, you may object to the Settlement Agreement. You must state the basis for your objections in writing. Your written objections must be sent by mail to the Class Counsel so that it is actually postmarked within thirty (30) days after the date of this Notice. You may also appear at the hearing scheduled before the Hon. Eric N. Vitaliano, for September 23, 2009, at 10:30 a.m, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 to have your objections heard, provided that you timely filed the objections in writing.

If you wish to retain an attorney to help you opt out of the settlement, you will be responsible for any fees or costs incurred. Your attorney must file a notice of appearance within thirty (30) days after the date of this Notice and serve a copy upon the attorneys' for Plaintiffs and Defendants:

For Plaintiffs:

Abdul Karim Hassan, Esq., 215-28 Hillside Avenue, Queens Village , NY 11427

For Defendants:

- 3 -

Arthur J. Robb, Esq. Clifton Budd & DeMaria, LLP, 420 Lexington Avenue, New York, New York 10170

## V.     Your right to exclude yourself from the settlement

If you do not wish to participate in the Settlement, i.e. you want to opt-out of the Settlement, you must file a timely request for exclusion. The request for exclusion must be signed under penalty of perjury, and must contain the following statements: that you (l) carefully reviewed this Notice; (2) wish to opt out of and to be excluded from the class of individuals eligible to participate in the proposed Settlement; (3) understand that by requesting to be excluded from the class, you will not be, now or at any time in the future, entitled to share in any part of any benefits under the proposed Settlement and that you waive any and all entitlements to any such benefits; and (4) submit your request to opt out knowingly and voluntarily, with a full understanding of its consequences, and without having been promised any benefit by any party or attorney in this action. The request for exclusion must be sent by mail to the Class Counsel so that it is actually postmarked within thirty (30) days after the date of this Notice. Any person who timely submits such a request for exclusion shall be barred from participation in the Settlement, and shall receive no benefit from the Settlement.

If you wish to retain an attorney to help you opt out of the settlement, you will be responsible for any fees or costs incurred. Your attorney must file a notice of appearance within thirty (30) days after the date of this Notice and serve a copy upon the attorneys' for Plaintiffs and Defendants:

For Plaintiffs:

Abdul Karim Hassan, Esq., 215-28 Hillside Avenue, Queens Village , NY 11427

For Defendants:

Arthur J. Robb, Esq. Clifton Budd & DeMaria, LLP, 420 Lexington Avenue, New York, New York 10170

DO NOT TELEPHONE OR ADDRESS ANY INQUIREIES TO THE COURT.

Dated: July 24, 2009

By Order of the Court
Honorable Eric N. Vitaliano
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

# Exhibit 3

<u>**Alleyne et al v. Time Moving et al – Civ Action #: 08-CV-1356**</u>

List of putative class members whose notices were returned as undeliverable:

1. Arthur Burton
2. Albert Faulk
3. Bindi Rowley
4. Dexter Dyett
5. Qaariy Dorns
6. Willy Gonzalez
7. William Whitlock
8. James Thomas
9. Larry D. Cunningham
10. Steven Malvasio
11. Robert Capehart
12. Andre Pearce
13. Andre Ash
14. Ramel Bess
15. David Davila
16. Angel Gonzalez
17. Edie D. Marrero
18. Hilliman Duke
19. Lorenzo Deer
20. Charles Buckley
21. Daniel Allen
22. Deen ID Darren
23. Pedro Colon
24. Carlos Castro
25. Hilaire Henock
26. Daniel Baffoe
27. Walter Marrero
28. Omar Hoyte
29. Mark Hubner
30. Luis Fernandez
31. Wilbert Cudjoe
32. Ronald Porter
33. Dexter Bull
34. Mark A. Yearwood
35. Sheldon D George
36. William McKinzie
37. Tyrell Cotto
38. Dashawn Davis
39. Michael Gilgan
40. Hugh Parris
41. Diouf Souleymane

42. Ralphie A. Cuevas
43. Lovel A. Cowan
44. Jerome Nau
45. Joseph Richards
46. Arthur Nelson
47. Joseph Makinson
48. Marvin Friday
49. Anthony Everett
50. Jamal Simon
51. Bruce Atwood
52. Tony Banks
53. Jami Blackman
54. Darren Gold
55. Bryan Graham
56. Arthur Brown
57. Anthony Holley
58. Ralphie A. Cuevas
59. Paul Rushing
60. Eric William Johnson
61. Jamel Shaw
62. Winston Barnett
63. Shareef Sexton
64. William Smaw
65. Ruperto Carvalho
66. Raphael D. Edwards
67. Maurice Pearson
68. Victor Vasquez
69. William Drayton
70. Alfred Figueroa
71. Peter Campbell
72. Hector Mangual
73. Shawn Miller
74. Clifford Wilson
75. Patrick Wernst Auguste
76. Melvin Carter
77. Waverly Griffin
78. Prudhomme Hayward
79. James Martin
80. Juan Molina
81. Adonis Sherlock
82. Willie J. Spearman
83. William Shipman
84. David Joseph
85. Juan C. Jufre
86. Alejandro Torres
87. Raymond Epps

88. Dionisio A. Ryce
89. Theodre Watson
90. David Chesney
91. Kirt Durrette
92. Nelson Escobar
93. Shelton Walton
94. Mark Watkins
95. Dexter London
96. Michael A. Walters
97. Charles P. Pinder
98. Joel J. Daniels
99. Trevor R. Cadogan
100.    Hector G. Ubillus
101.    Nathaniel Griffin
102.    Calvin Brown
103.    Paul Roosevelt
104.    Luis A. Cruz
105.    Bobby L. Lawrence
106.    Paul Parris
107.    Egerton Williams
108.    Angel Vega
109.    Shane Guscott
110.    Doctor Jr. Leon
111.    Jose A. Varela
112.    Aston A McPherson
113.    Wendy Antonio Nova
114.    Daniel Hallinan
115.    Taryck Lynch
116.    Albert Robinson
117.    Dean Martin
118.    Donald C. Robertson
119.    Robert McCray
120.    Damian Evering
121.    Keith Powell
122.    William Finch III

# Exhibit 4

1. Angel Gonzalez
2. Anthony Everett
3. Arthur Nelson
4. Bryham Graham
5. Calvin Brown
6. Darren Gold
7. Hector Mangual
8. Hillaire Hencok
9. Joseph Richard
10. Luis Cruz
11. Michael Gilgan
12. Paul Parris
13. Peter Campbell
14. Ruperto Carvalho
15. Trevor Cadogan
16. Willie Spearmen
17. Soulemmane Diouf
18. Dionisio Ryce
19. Jamel Shaw

20. Fouleymane Diouf
21. Barry Kirton
22. Robert Harris
23. Allister Shah

# Exhibit 5

TO:    Fouleymane Diouf
1140 St. Marks Avenue, Apt 1R, Brooklyn, NY 11213

Please review the enclosed Notice carefully. If you wish to object or opt out as explained in the Notice, you should do so promptly, notwithstanding the dates set forth in the Notice. I understand that you recently updated your contact information with Time Moving, which is why the enclosed Notice has been resent. The parties will so advise the Court.

# Exhibit 6

Mr. Hassan
this Notice is to inform you that I
would like my husband Neil Magliano
Settlement. he passaway feb 18, 2005 as his wife
Please I would like his settlement Neil worked
for it. Please. Call Me to let me know you got
this Notice          thank (718)2930849
                    You Mrs Joan Magliano

Mrs. G. Mygland
143-58 Roosevelt ave.
Beony, NY 10954 #311

1142741231

Mr. Hansen
815-28 Hillside ave.
Queens Village NY 11427

NEW YORK NY 114
15 SEP 2009 PM 1 L



# Exhibit 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marcel Alleyne and Earl Legrande, Individually and on behalf of all others similarly situated,<br><br>                                 Plaintiffs,<br>    -v-<br><br>Time Moving & Storage Inc., and<br>The Time Record Storage Company, LLC,<br><br>                               Defendants. | **Civ. Action #: 08-CV-1356**<br><br>**<u>Class Action Opt-Out</u>**<br>**<u>(Rahamut Shah, Claude</u>**<br>**<u>Eastman and Felix Lewis)</u>** |

I, Abdul Karim Hassan, declare and affirm under the penalty of perjury:

1. I am class counsel in the above-entitled action and a member of the Bar of the State of New York and duly admitted to practice before this Court.

2. I am also counsel for Rahamut Shah, Claude Eastman and Felix Lewis in another case against Defendants Time Moving.

3. Though technically part of the class definition, Shah, Eastman and Lewis are currently Plaintiffs in <u>Shah et al v. Time Moving et al, 07-CV-02226</u> which was filed before the instant case and is still pending.

3. As a formality, I am filing this opt-out request on behalf of Rahamut Shah, Claude Eastman and Felix Lewis.

4. As counsel in both cases I am fully familiar with the class settlement and related papers.

I declare pursuant to 28 U.S.C. 1746 under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.

Executed on August 3, 2009

 /s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Jamaica, New York 11427
Tel: 718-740-1000

# SAMUEL & STEIN

ATTORNEYS AT LAW

*38 West 32nd Street*
*Suite 1210*
*New York, New York 10001*
*(212) 563–9884*
*(212) 563–9870 • Fax*
www.samuelandstein.com

<table>
<tr><td>*Michael S. Samuel*</td><td align="right">*Admitted in New York*</td></tr>
<tr><td>*David Stein\**</td><td align="right">*Admitted in New York, New Jersey, Pennsylvania, Illinois and District of Columbia*</td></tr>
<tr><td>*Ari Jacobson*</td><td align="right">*Admitted in New York, New Jersey and Massachusetts*</td></tr>
<tr><td>*David M. Nieporent*</td><td align="right">*Admitted in New Jersey*</td></tr>
<tr><td></td><td align="right">*\*LL.M. in Intellectual Property*</td></tr>
</table>

August 21, 2009

Arthur J. Robb, Esq.
Clifton Budd & DeMaria, LLP
420 Lexington Avenue
New York, New York 10170

Abdul Karim Hassan, Esq.
215-28 Hillside Ave.
Queens Village, NY 11427

**Re:   Marcel Alleyne, _et al._ v. Time Moving & Storage Inc., _et al._**
       **_Case No. 08-CV-1356_**

Dear Mr. Robb and Mr. Hassan:

Enclosed herein please find "Opt-out" Notices with respect to potential class members Javier Yangua and Nelson Escobar.

Very truly yours,

David Stein

Enc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884
Attorneys for Nelson Escobar

| | |
|---|---|
| Marcel Alleyne and Earl Legrande,Individually and on behalf of all others similarly situated, | CASE NO. 08-CV-1356 (ENV) (SMG) |
| Plaintiffs, | |
| - vs. - | |
| Time Moving & Storage Inc., and The Time Record Storage Company, LLC | **DECLARATION OF NELSON ESCOBAR** |
| Defendants. | |

I, Nelson Escobar, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I never received a copy of the document entitled "Notice of A Settlement of Litigation" in this case. ("Notice").

2. My attorney showed me a copy of the Notice that was filed with the Court, without my name or Settlement Share information.

3. I carefully reviewed the Notice.

4. I wish to opt out of, and be excluded from, the class of individuals eligible to participate in the proposed Settlement.

5. I understand that by requesting to be excluded from the class, I will not be, now or at any time in the future, entitled to share in any part of any benefits

under the proposed Settlement. I waive any and all entitlements to any such benefits.

6. I submit this request to opt out knowingly and voluntarily, with a full understanding of its consequences, and without having been promised any benefit by any party or attorney in this action.

Dated: August 21, 2009

_Nelson Escobar_
Nelson Escobar

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1210
New York, New York 10001
(212) 563-9884
Attorneys for Javier Yangua

Marcel Alleyne and Earl
Legrande, Individually and on
behalf of all others
similarly situated,

           Plaintiffs,

- vs. -

Time Moving & Storage Inc.,
and The Time Record Storage
Company, LLC

           Defendants.

CASE NO. 08-CV-1356
(ENV) (SMG)

**DECLARATION OF**
**JAVIER YANGUA**

    I, Javier Yangua, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct.

1. I never received a copy of the document entitled "Notice of A Settlement of Litigation" in this case. ("Notice").

2. My attorney showed me a copy of the Notice that was filed with the Court, without my name or Settlement Share information.

3. I carefully reviewed the Notice.

4. I wish to opt out of, and be excluded from, the class of individuals eligible to participate in the proposed Settlement.

5. I understand that by requesting to be excluded from the class, I will not be, now or at any time in the future, entitled to share in any part of any benefits

under the proposed Settlement. I waive any and all entitlements to any such benefits.

6. I submit this request to opt out knowingly and voluntarily, with a full understanding of its consequences, and without having been promised any benefit by any party or attorney in this action.

Dated:   August 21, 2009

Javier Yangua

SAM
38 West 32⁻ Street, Suite 1210
New York, NY 10001

Abdul Karim Hassan, Esq.
215-28 Hillside Avenue
Queens Village, NY 11427

# KRASELNIK & LEE, PLLC
## THE EMPIRE STATE BUILDING
### 350 FIFTH AVENUE, SUITE 1729
### NEW YORK, NY 10118
### FAX: 212-465-1181

| | |
|---|---|
| Robert L. Kraselnik, Esq. | C.K. Lee, Esq. |
| Direct: 212-465-1189 | Direct: 212-465-1188 |
| Email: robert@kraselniklee.com | Email: cklee@kraseiniklee.com |

August 21, 2009

**Via U.S. Mail**
Abdul Karim Hassan, Esq.
215-28 Hillside Avenue
Queens Village, NY 11427

Arthur J. Robb, Esq.
Clifton Budd & DeMaria
420 Lexington Avenue
New York, NY 10170

        Re:    Marcel Alleyne, et al. v. Time Moving & Storage, Inc.
                   Case No.: 08-CV-1356

Gentlemen:

My office represents plaintiff Marco Ortiz in this matter. Mr. Ortiz is electing to opt-out of the settlement in this matter. His signature below confirms same.

## Opt-Out

I, Marco Ortiz, have carefully reviewed the Notice of Settlement and I wish to opt-out abd to be excluded from the class of individuals eligible to participate in the proposed settlment. I understand that by requesting to be excluded from the class, I will not be entitled, neither now or in the future, to share in any of the benefits of the class settlement and I waive all entitlements to same. This request is submitted knowingly and voluntarily with full understanding of its consequences and without having been promised any benefit by any party or attorney in this action.

_____
Marco Ortiz

Very truly yours,

_____
Robert L. Kraselnik

Kraselnik & Lee, PLLC
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, NY 10118

LONG ISLAND NY 117

24 AUG 2009 PM 7 L

ABDUL KARIM HASSAN, ESQ.
215-28  HILLSIDE AVE.
QUEENS VILLAGE, NY 11427

1142741831

Request for Exclusion
Attn. Class Counsel
9/11/09

To Whom it May concern:

I Douglas E Raines, request to be excluded from this settlement. I I have reviewed this notice. II. I wish to opt out of and to be excluded from the class of individuals eligible to participate in the proposed settlement III understand that by Requesting to be excluded from the class, I will not be, Now or at any time in the future, entitled to share in any part of any benefits under the proposed Settlement and that I waive any and all entitlements to any such benefits. IV and submit my Request to opt out Knowingly and voluntarily, with a full understanding of it's consequences, and without having been promised any benefit by any party or attorney in this action.

Yours truly

Douglas E. Raines

G. PAYNES
1411 W. NEOB2 Ave.
Hillside, NJ 07205

DVD PBDC
KEARNY NJ 0703
11 AUG 2009 PM 7 T



Abdul Karim Hassan, Esq,
25 386 Hillside Ave,
Queens Village, NY 11427

1142741531